**IN THE UNITED STATES DISTRICT COURT
                    FOR THE DISTRICT OF COLORADO
                    Judge Robert E. Blackburn**

Civil Action No. 17-cv-00958-REB

JUDY LYNN HAYES,

    Plaintiff,

v.

NANCY BERRYHILL, Deputy Commissioner for Operations, performing the duties and functions not reserved to the Commissioner of Social Security,[1]

    Defendant.

## ORDER REVERSING DISABILITY DECISION AND REMANDING TO AGENCY

**Blackburn, J.**

The matter before me is plaintiff's **Complaint** [#1],[2] filed April 19, 2017, seeking review of the Deputy Commissioner's decision denying plaintiff's claims for disability insurance benefits and supplemental security income benefits under Titles II and XVI of the Social Security Act, 42 U.S.C. § 401, *et seq.* I have jurisdiction to review the Deputy Commissioner's final decision under 42 U.S.C. § 405(g). The matter has been fully briefed, obviating the need for oral argument. I reverse and remand.

---

    [1] On March 6, 2018, the Government Accountability Office determined that Nancy Berryhill's continuing status as Acting Deputy Commissioner of Social Security violated the Federal Vacancies Reform Act, and therefore that she was not authorized to continue serving as Acting Deputy Commissioner after November 16. Until such time as a successor is nominated and confirmed, Ms. Berryhill appears as the Deputy Deputy Commissioner of Operations for the agency.

    [2] "[#1]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

# I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff alleges she is disabled as a result of lumbar and cervical osteoarthritis, depression, anxiety, substance abuse disorder, and obesity. After her applications for disability insurance benefits and supplemental security income benefits were denied, plaintiff requested a hearing before an administrative law judge. This hearing was held on June 24, 2015. At the time of the hearing, plaintiff was 48 years old. She has a high school education and past relevant work experience as a telephone operator, accounting clerk, manager of a bowling alley, and certified nursING assistant. She has not engaged in substantial gainful activity since September 12, 2013, her amended alleged date of onset.

The ALJ found plaintiff was not disabled and therefore not entitled to disability insurance benefits or supplemental security income benefits. Although the medical evidence established plaintiff suffered from multiple severe impairments, the judge concluded the severity of those impairments did not meet or equal any impairment listed in the social security regulations. Other impairments were found to be non-severe. The ALJ found plaintiff had the residual functional capacity to perform a reduced range of light work with postural and non-exertional limitations. Although this finding precluded plaintiff's past relevant work, the judge determined there were other jobs existing in sufficient numbers in the national and local economies she could perform. He therefore found plaintiff not disabled at step five of the sequential evaluation. Plaintiff appealed this decision to the Appeals Council. The Council affirmed. Plaintiff then filed this action in federal court.

## II. STANDARD OF REVIEW

A person is disabled within the meaning of the Social Security Act only if her physical and/or mental impairments preclude her from performing both her previous work and any other "substantial gainful work which exists in the national economy." 42 U.S.C. § 423(d)(2). "When a claimant has one or more severe impairments the Social Security [Act] requires the [Deputy Commissioner] to consider the combined effects of the impairments in making a disability determination." **Campbell v. Bowen**, 822 F.2d 1518, 1521 (10th Cir. 1987) (citing 42 U.S.C. § 423(d)(2)(C)). However, the mere existence of a severe impairment or combination of impairments does not require a finding that an individual is disabled within the meaning of the Social Security Act. To be disabling, the claimant's condition must be so functionally limiting as to preclude any substantial gainful activity for at least twelve consecutive months. **See Kelley v. Chater,** 62 F.3d 335, 338 (10th Cir. 1995).

The Deputy Commissioner has established a quinquepartite sequential evaluation process for determining whether a claimant is disabled:

1. The ALJ must first ascertain whether the claimant is engaged in substantial gainful activity. A claimant who is working is not disabled regardless of the medical findings.

2. The ALJ must then determine whether the claimed impairment is "severe." A "severe impairment" must significantly limit the claimant's physical or mental ability to do basic work activities.

3. The ALJ must then determine if the impairment meets or equals in severity certain impairments described in Appendix 1 of the regulations.

> 4. If the claimant's impairment does not meet or equal a listed impairment, the ALJ must determine whether the claimant can perform his past work despite any limitations.
>
> 5. If the claimant does not have the residual functional capacity to perform her past work, the ALJ must decide whether the claimant can perform any other gainful and substantial work in the economy. This determination is made on the basis of the claimant's age, education, work experience, and residual functional capacity.

20 C.F.R. § 404.1520(a)(4)(i)-(v).[3] ***See also Williams v. Bowen*** 844 F.2d 748, 750-52 (10th Cir. 1988). The claimant has the initial burden of establishing a disability in the first four steps of this analysis. ***Bowen v. Yuckert***, 482 U.S. 137, 146 n.5, 107 S.Ct. 2287, 2294 n.5, 96 L.Ed.2d 119 (1987). The burden then shifts to the Deputy Commissioner to show that the claimant is capable of performing work in the national economy. ***Id.*** A finding that the claimant is disabled or not disabled at any point in the five-step review is conclusive and terminates the analysis. ***Casias v. Secretary of Health & Human Services***, 933 F.2d 799, 801 (10th Cir. 1991).

Review of the Deputy Commissioner's disability decision is limited to determining whether the ALJ applied the correct legal standard and whether the decision is supported by substantial evidence. ***Hamilton v. Secretary of Health and Human Services***, 961 F.2d 1495, 1497-98 (10th Cir. 1992); ***Brown v. Sullivan***, 912 F.2d 1194, 1196 (10th Cir. 1990). Substantial evidence is evidence a reasonable mind would accept as adequate to support a conclusion. ***Brown***, 912 F.2d at 1196. It requires

---

[3] Throughout this opinion, although I cite to relevant sections of Part 404 of Title 20 of the Code of Federal Regulations, which contain the Deputy Commissioner's regulations relating to disability insurance benefits, identical, parallel regulations can be found in Part 416 of that same title, relating to supplemental security income benefits.

more than a scintilla but less than a preponderance of the evidence. ***Hedstrom v. Sullivan***, 783 F.Supp. 553, 556 (D. Colo. 1992). "Evidence is not substantial if it is overwhelmed by other evidence in the record or constitutes mere conclusion." ***Musgrave v. Sullivan***, 966 F.2d 1371, 1374 (10th Cir. 1992). Further, "if the ALJ failed to apply the correct legal test, there is a ground for reversal apart from a lack of substantial evidence." ***Thompson v. Sullivan***, 987 F.2d 1482, 1487 (10th Cir. 1993). Although a reviewing court should meticulously examine the record, it may not reweigh the evidence or substitute its discretion for that of the Deputy Commissioner. ***Id.***

### III. LEGAL ANALYSIS

In two related points of error, plaintiff maintains the ALJ erred in weighing the medical opinions of record and in discounting the credibility of her subjective complaints of pain. Because I find the reasons given by the ALJ in support of these determinations do not provide substantial evidence in support of his decision, I concur and therefore reverse.

Plaintiff's medical and psychological histories, comprising nearly 3,000 pages of medical records, is long and complex and, having been recounted in detail in her opening brief, need not be repeated here. For present purposes, suffice to say plaintiff suffers from chronic, constant, all-over body pain which is exacerbated by her psychological impairments.[4] Her treating physician, Dr. Jennifer Hanson, and treating

---

[4] Plaintiff has been diagnosed with Reflex Sympathetic Dystrophy ("RSD"), sometimes referred to as Complex Regional Pain Syndrom ("CPRS"). Based on a non-examining medical expert's opinion that plaintiff's symptoms were inconsistent with RSD, the ALJ found RSD was a non-medically determinable impairment. (Tr. 28.) I find that determination troubling insofar as the ALJ accepted the opinion of the non-examining medical expert without further inquiring of Dr. Hanson, contrary to the agency's own directives. **Social Security Ruling 03-2p**, 2003 WL 223991117 at *5 (SSA Oct. 20, 2003) ("Clarification of any such conflicts in the medical evidence should be sought first from the individual's treating or other

5

clinical pharmacist, Kimberly Grigsby, both completed functional capacity assessments on plaintiff's behalf which suggested, *inter alia*, that plaintiff could sit, stand, or walk for less than an hour a day, lift and carry no more than five pounds occasionally, would need to take 30-minute breaks every 15-20 minutes, and would frequently have problems with attention and concentration due to pain. (**See** Tr. 1740-1742, 2161-2163.)

Were these opinions accepted, plaintiff necessarily would be considered unable to engage in competitive employment and therefore would be found disabled. (**See** Tr. 81-82 (testimony of vocational expert).) The ALJ, however, gave both opinions "minimal weight" on the grounds they "were not supported by the weight of the objective and credible evidence of record, or even the claimant's own admission of her daily activities." (Tr. 37.) Because neither of these reasons bears scrutiny, I reverse.

The opinion of a treating source is entitled to controlling weight when it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with other substantial evidence in the case record." 20 C.F.R. § 404.1527(c)(2); **see also Watkins v. Barnhart**, 350 F.3d 1297, 1300 (10th Cir. 2003). Good cause may be found when a treating source opinion is brief, conclusory, or unsupported by the medical evidence. **Frey v. Bowen**, 816 F.2d 508, 513 (10th Cir. 1987). Yet even if a treating source opinion is not given controlling weight, it is still entitled to deference "and must be weighed using all of the factors provided in 20 C.F.R. § 404.1527 and 416.927." **Social Security Ruling** 96–2p, 1996 WL 374188 at *4 (SSA

---

medical sources."). Because the case is being remanded on other grounds, I encourage the ALJ to revisit this determination as well, as many of plaintiff's complaints potentially may be explained by RSD.

6

July 2, 1996). ***See also Langley v. Barnhart***, 373 F.3d 1116, 1119 (10th Cir. 2004).[5] In either event, a treating source opinion may not be rejected absent good cause for specific, legitimate reasons clearly articulated in the hearing decision. ***Watkins***, 350 F.3d at 1301; ***Goatcher v. United States Department of Health & Human Services***, 52 F.3d 288, 290 (10th Cir. 1995); ***Frey***, 816 F.2d at 513.

In discussing Dr. Hanson's and Ms. Grigsby's opinions, the ALJ did not directly cite to any specific objective medical evidence which purported contradicted their opinions. (***Se*** Tr. 37.) ***See Bolan v. Barnhart***, 212 F.Supp.2d 1248, 1262 (D. Kan. 2002) (ALJ's failure to identify allegedly inconsistent evidence "makes it difficult, if not impossible, for the reviewing court to determine whether substantial evidence supported the ALJ's decision"). Although the ALJ elsewhere did point to the relatively minimal findings on X-ray (Tr. 33; ***see*** Tr.2170-2171, 2189, 2190-2191), he failed to note a CT scan showing L5 spondylolyses[6] (Tr. 2852). Both Dr. Hanson and Ms. Grigsby cited that test as substantiating their opinions. (Tr. 2159, 1736.) The ALJ also failed to mention the results of a nerve conduction study showing "acute and chronic denervative changes following a C7, C8 pattern" consistent with lower brachial plexus lesion. (Tr. 978.) Moreover, although the ALJ noted plaintiff had a spinal cord stimulator surgically implanted in May 2012, with good results (Tr. 33), he appears to have given little

---

[5] These factors include: the physician's length of treatment of the claimant; the physician's frequency of examination; the nature and extent of the treatment relationship; the support of the physician's opinion afforded by the medical evidence of record; the consistency of the opinion with the record as a whole; and the specialization of the treating physician. 20 C.F.R. § 404.1527(c)(2).

[6] "Spondylolysis is a crack or stress fracture in one of the vertebrae." OrthoInfo, **Spondylolysis and Spondylolisthesis** (available at: https://orthoinfo.aaos.org/en/diseases--conditions/spondylolysis-and-spondylolisthesis/) (last accessed May 11, 2018).

consideration to the fact the device later failed rather spectacularly and had to be removed (Tr. 1124-1126, 2170-71, 2186-2187).

The ALJ also cited a single instance in which plaintiff arrived for a July 2015 psychotherapy session without a cane as demonstrating she did not "require[] a walker for minimal ambulation." (Tr. 34, 3222.)[7] There are several problems with this conclusion. First, the notation was made during a psychotherapy session by a counselor who was neither qualified nor focused on assessing plaintiff's physical functionality. Moreover, plaintiff testified at the hearing that she did not use a walker all the time, but only "[d]epending on the pain" because it embarrassed her to use it. (Tr. 62.) It is plain, however, that plaintiff regularly uses a cane to ambulate, and indeed, the counselor's notation from the July 2015 appointment stated plaintiff appeared for the appointment "without her cane *today*," suggesting she typically presented with some sort of assistive device. (Tr. 3222 (emphasis added).)[8] These isolated bits of evidence therefore are far too tenuous to support the ALJ's decision to assign so little weight to

---

[7] In noting this specific instance, the ALJ cited to the entirety of a 91-page exhibit, a practice which pertained throughout his opinion. I have sharply and consistently criticized this practice in the past:

> This court is neither required – nor, indeed, empowered – to parse through the record to find specific support for the ALJ's decision. Such generalized, global references to the record make the ALJ's opinion nearly impossible to review, and certainly do not constitute substantial evidence in support of the Commissioner's disability determination.

*Cira v. Colvin*, 67 F. Supp. 3d 1206, 1210 (D. Colo. 2014). *See also Phillips v. Colvin*, 67 F.Supp3d 1286, 1291 n.4 (D. Colo. 2014). On remand, citations to the record should include specific pinpoints to assist meaningful review of the decision.

[8] Similarly, Dr. Winkler's suggestion that plaintiff was able to "move[] quickly out of the exam room" during an October 2014 appointment (Tr. 32, 3197) does not square with the report on which it purports to be based. That treatment note describes plaintiff, in a state of extreme agitation over perceived mistreatment by the clinic, as having left the exam room "hurriedly" *with her walker*. (Tr. 1764.) Obviously, that plaintiff can ambulate well with an assistive device says nothing about how well she is able to walk without one.

the opinions of plaintiff's treating sources.

The ALJ's reliance on plaintiff's activities of daily living as showing greater functionality than that suggested by Dr. Hanson and Ms. Grigsby is even less well supported. In general, the ability to engage in limited household and other activities of daily living does not correlate to the ability to perform substantial gainful activity on a regular work schedule. *See* 20 C.F.R. § 404.1572(c); **Thompson**, 987 F.2d at 1490. Even if such were not the case, the ALJ's suggestion that the treating source opinions were inconsistent with plaintiff's "own admission of her daily activities" (Tr. 37) does not square with the record before me.

Although the ALJ elsewhere stated plaintiff was "able to do some cooking, drive an automobile, perform household chores, shop, use the computer, and read" (Tr. 34), to suggest that characterization is consistent with plaintiff's account is misleading. Plaintiff testified that she cooks "easy, small, fast" meals but anything more caused pain severe enough to make her vomit. (Tr. 74, 59.) She drives when she had to, but driving causes her anxiety, which increases her pain. (Tr. 55, 57-58.) Although she tries to go shopping, she testified that most of the time she simply sits in the car and waits for her husband. (Tr. 75.) She helps with laundry by sitting and separating it. (Tr. 74.) She uses the computer "very little." (Tr. 75.) While she does read, reading is difficult "because I can't sit still." (Tr. 76.) Indeed, plaintiff stated spends the majority of her day laying down. (*See* Tr. 63-65, 76-77.) Her testimony in this regard also is largely consistent with the reports plaintiff gave the consultative psychological examiner. (*See* Tr. 1448.) Because the ALJ purported to rely on plaintiff's own statements about her

9

activities of daily living and cited no other record evidence which contradicts or undermines these statements, his determination in this regard is not supported by substantial evidence.

Some of these same infirmities undermine the ALJ's assessment of plaintiff's credibility as well. While "credibility determinations 'are peculiarly the province of the finder of fact,' and should not be upset if supported by substantial evidence," **White v. Barnhart**, 287 F.3d 903, 909 (10th Cir. 2001), the ALJ's credibility assessment must be linked to specific evidence in the record to be entitled to substantial deference, *id.* at 910; **see also Qualls v. Apfel**, 206 F.3d 1368, 1372 (10th Cir. 2000). As already discussed, to the extent the ALJ discounted plaintiff's testimony because she allegedly did not require a walker to ambulate, that rationale does not bear up to scrutiny and will not support the credibility determination.

In the context of credibility, the ALJ's reliance on the purported lack of objective medical evidence does not adequately address the tripartite test employed in this circuit for consideration of subjective complaints of pain:

> We must consider (1) whether Claimant established a pain-producing impairment by objective medical evidence; (2) if so, whether there is a "loose nexus" between the proven impairment and the Claimant's subjective allegations of pain; and (3) if so, whether, considering all the evidence, both objective and subjective, Claimant's pain is in fact disabling.

**Musgrave v. Sullivan**, 966 F.2d 1371, 1375-76 (10th Cir. 1992) (citing **Luna v. Bowen**, 834 F.2d 161, 163-64 (10th Cir. 1987)). **See also** 20 C.F.R. § 404.1529(a). This test recognizes that an impairment that can be thought to produce some pain may produce

disabling pain in a particular individual. *Luna*, 834 F.2d at 164. *See also* 20 C.F.R. §404.1529(c)(2) ("[W]e will not reject your statements about the intensity and persistence of your pain or other symptoms or about the effect your symptoms have on your ability to work solely because the available objective medical evidence does not substantiate your statements."). It therefore has particular relevance in a case such as this one, where plaintiff's subjective experience of pain appears to far exceed the objective medical evidence of her impairments. *See Large v. Apfel*, 1999 WL 651390 at *3 (10th Cir. Aug. 26, 1999); *Brock v. Shalala*, 1995 WL 143114 at *1-2 (10th Cir. Mar. 29, 1995).

The ALJ cited these standards, but as discussed above, review of his decision leaves some doubt as to how he actually applied them. Although the ALJ noted plaintiff's "symptoms and reported daily limitations far exceed the clinical findings," he then appeared to dismiss them as psychologically based, without explaining why a psychological genesis necessarily invalidated plaintiff's complaints. (Tr. 34.) Given the extreme nature of plaintiff's longstanding complaints of pain, and the ALJ's rejection of Reflex Sympathetic Dystrophy as an impairment, it would seem even more important to explore the link between plaintiff's mental impairments and her physical symptoms before dismissing her complaints as merely psychosomatic.

The ALJ also failed to acknowledge that the singular instance in which plaintiff was found to have been taking medications not prescribed to her, which he cited as further undermining her credibility, coincided with her admission to the hospital for suicidal ideation. (Tr. 1578.) As I have noted in the past, "it appears unreasonable . . .

to permit an ALJ to draw negative inferences from the treatment decisions of a claimant with a confirmed mental illness, at least where those decisions are both self-directed and apparently contrary to medical advice." **Gonzales v. Colvin**, 69 F.Supp.3d 1163, 1172 (D. Colo. 2014) (citation and internal quotation marks omitted). Similarly, it strikes me as unfair for the ALJ, on the one hand, to find that plaintiff suffers from substance abuse disorder and then discredit her for using marijuana (*see* Tr. 34), especially since it appears the drug was a synthetic variant she was prescribed to combat nausea (*see* Tr. 3267).

Finally, and beyond the infirmities in the ALJ's recitation of plaintiff's activities of daily living already discussed above, the court does not find the evidence that plaintiff once complained of having to drive her husband to and from work multiple times a day for a period of time as damning as did the ALJ. (Tr. 34, 3238.) Plaintiff never suggested she could not drive at all, only that she did not like to do so because it increased her symptoms. (Tr. 55, 57-58.) Moreover, plaintiff's vague and generalized complaint she was tired of her husband "expecting me to do everything all the time" (Tr. 35)[9] appears more like a spouse blowing off steam rather than a literal confession that plaintiff in fact does "everything," whatever that may mean. It certainly is far too slender a reed on which to discredit her consistent and longstanding reports of extremely limited functioning.

For these reasons, reversal is required. Although plaintiff requests a directed award of benefits, I find this case does not represent an appropriate circumstance for the exercise of my discretion in that regard. **See Nielson v. Sullivan**, 992 F.2d 1118,

---

[9] A statement for which the ALJ gave no record citation, either specific or general, and which the Deputy Commissioner apparently has been unable to locate in the record either. (**See Def. Resp.** at 20.)

12

1122 (10th Cir. 1993).[10]

## IV. ORDERS

**THEREFORE, IT IS ORDERED** as follows:

1. That the conclusion of the Deputy Commissioner through the Administrative Law Judge that plaintiff was not disabled is reversed;

2. That this case is remanded to the ALJ, who is directed to

    a. Reexamine the medical source opinions of record, considering especially whether the opinions of plaintiff's treating sources are entitled to controlling weight and, if not, explaining with particularity, using the factors provided in 20 C.F.R. § 404.1527(c)(2), his reasons for the weight given those opinions;

    b. Solicit further medical or vocational expert testimony, recontact any treating or other medical source, or otherwise further develop the record as he deems necessary;

    c. Reexamine his determination that RSD does not constitute a medically determinable impairment;

    d. Reassess his determination at the remaining steps of the sequential evaluation; and

    e. Reassess the disability determination; and

3. That plaintiff is awarded her costs, to be taxed by the clerk of the court pursuant to Fed. R. Civ. P. 54(d)(1), D.C.COLO.LCivR 54.1, and 28 U.S.C. § 2412(a)(1).

---

[10] By this decision, I do not find or imply that plaintiff is or should be found to be disabled.

Dated May 11, 2018, at Denver, Colorado.

BY THE COURT:

Robert E. Blackburn
United States District Judge